**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**KIARA SMITH**                                                                                                    **PLAINTIFF**

**VS.**                                            **No. 3:07-CV-00049 GTE**

**ANSON BARNEY,
BILLY JOE HANCOCK
DUSTIN LACOTTS**                                                                                              **DEFENDANTS**

**ORDER IMPOSING LIMITED STAY
AND SUSPENDING ALL DEADLINES**

The following motions are pending in this matter:

(1) Defendant Anson Barney's Motion to Stay Proceedings;

(2) Defendants Billy Joe Hancock and Dustin Lacotts' Motion to Extend Time to Respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

Additionally, an issue is presented by Plaintiff Kiara Smith's attempt to add an additional claim. On December 4, 2007, Ms. Smith, proceeding *pro se*, filed a document entitled, "Plaintiff's Notification to the Court, Addendum or Amended & Supplemental Pleadings 'Intentional Tort, Civil Conspiracy, Fed. R. Civ. P. 15." (Doc. # 30). Defendants Hancock and LaCotts have filed separate responses raising procedural and substantive objections to the Plaintiff's attempt to add an additional claim for civil conspiracy.

Both motions and the additional issue presented by Plaintiff's attempt to amend her Complaint are discussed separately below. Additionally, the Court on its own initiative finds that the case should be removed from the trial calendar.

**BACKGROUND**

On April 23, 2007, Plaintiff Kiara Smith, proceeding *pro se*, filed a Complaint against

Sheriff Deputy Anson Barney, Sheriff Deputy of Mississippi County; Billy Joe Hancock, Blytheville Police Officer; and Dustin Lacotts, Blytheville Police Officer. All Defendants are sued only in their individual capacities.

Plaintiff's *pro se* Complaint asserts four counts of wrongdoing.

In Count One, Plaintiff asserts that on March 26, 2006, he was involved in a car accident in Blytheville, Arkansas and that after he "smashed into a vehicle" he was running from the scene when he was apprehended by Sheriff Deputy Anson Barney, Blytheville Patrolman Billy Hancock, and Blytheville Patrolman Dustin Lacotts. Plaintiff alleges that the officers kicked and punched him.

In Count Two, Plaintiff asserts that Billy Joe Hancock and Dustin Lacotts thereafter attempted to get him to sign a statement (apparently after being taken into custody), but that they failed to read him his Miranda rights, as a result of which Plaintiff was denied the right to counsel, denied an additional "BAC test" and was "'still charged with" a "DWI."

In Count Three, Plaintiff asserts that Plaintiff was beaten by Officers Dustin Lacotts, Billy Hancock and Sheriff Deputy Anson Barney after he fell to the ground "from dehydrated exhaustion." It appears that Plaintiff is referring to the same date, March 26, 2006, and that such excessive force was part and parcel of the excessive force described in Count One.

In Count Four, Plaintiff claims that Billy Hancock and Dustin Lacotts violated his rights under the 1st, 5th, 8th and 14th Amendments by depriving him of his Miranda rights, including the right to remain silent and not to give an incriminating statement.

For the alleged violations, Plaintiff seeks an award of $365,000 from each individual for actual harm and an award of $500,000 in punitive damages.

On May 29, 2007, Plaintiff filed a pleading seeking to add a claim for the tort of outrage

against Defendants Barney, Lacotts and Billy Joe Hancock.

On October 25, 2007, Defendant Anson Barney filed a Motion to Stay proceedings in this case until such time as he is released from his military training in Operation Iraqi Freedom. Plaintiff did not respond to the motion.

On November 29, 2007, Defendants Billy Joe Hancock and Dustin Lacotts filed a Motion for Extension of Time in Which to Respond to Plaintiff's Second Set of Written Discovery.  The motion seeks to delay the extension of discovery until the matter is reopened, assuming the case is stayed, or alternatively, until 10 days after the Court rules on the request for a stay.  Plaintiff has not responded to this motion.

On December 4, 2007, Plaintiff filed a pleading which appears to be an attempt to add a claim for civil conspiracy against the Defendants Hancock and Lacotts.  Said Defendants filed separate responses objecting to the addition of said claim.

**II. DISCUSSION**

**(A) Motion to Stay**

Defendant Anson Barney has submitted his military orders documenting his military training from October 1, 2007 through January 1, 2008.  Based on such showing, the case will be stayed until such time as Mr. Barney is released from his military active duty and returns to his civilian job duties.  Mr. Barney's counsel shall notify the Court promptly upon Mr. Barney's return.  It appears that Mr. Barney may be released as soon as January of 2008, at which time this case will resume.

**(B) Motion for Extension of Time to Respond to Discovery**

The remaining Defendants seek an enlargement of time in which to answer the outstanding discovery propounded to them by Plaintiff.  Although progression of the case is

stayed pending Mr. Barney's return from military service, the Court excepts from the stay Defendants Hancock and Lacotts' discovery responses, which have been outstanding since October 23, 2007. The Court directs the Defendants to submit responses to said discovery not later than **January 18, 2008.**

### (C) Plaintiff's Civil Conspiracy Claim

It appears that Plaintiff may have intended to move for leave to amend his Complaint in light of the fact that his motion's title refers to Fed. R. Civ. P. 15. The Court will treat the motion as a Motion for Leave to Amend for the purpose of adding an additional legal claim for civil conspiracy. The Court will permit Plaintiff to add the claim over the objection of the Defendants. In view of the stay and suspension of all deadlines in this case, Defendants will not be prejudiced by the addition of this claim.

Plaintiff now has three filings which must be read together. Plaintiff's Complaint shall include his Complaint filed April 23, 2007 (Docket # 2), his Addendum filed May 29, 2007 (Docket # 11), and his Addendum filed December 4, 2007 (Docket # 30).

Plaintiff is hereby placed on notice that he may not continue to file "addendums" to his Complaint. No further amendments will be considered unless Plaintiff requests leave of Court to amend his Complaint and attaches a complete copy of his proposed Amended Complaint.

### (D) Currently Scheduled Deadlines

This case is currently scheduled for trial on March 3, 2008. The discovery deadline is December 20, 2007. The motion deadline is January 2, 2008. These deadlines are not realistic in light of the stay. All deadlines contained in the Final Scheduling Order issued June 21, 2007, will be suspended.

## CONCLUSION

For the reasons above stated,

IT IS HEREBY ORDERED that Separate Defendant Anson Barney's Motion to Stay (Docket # 28) be, and it is hereby, GRANTED to the extent and on the terms stated herein. Anson Barney is hereby relieved of any obligation to defend this action until such time as he returns from active duty. Mr. Barney and his counsel are hereby directed to report to the Court immediately when Mr. Barney completes his current military duty and is available to proceed.

IT IS FURTHER ORDERED that Separate Defendants Billy Joe Hancock and Dustin Lacotts' Motion to Extend Time to Respond to Written Discovery (Docket # 29) be, and it is hereby, GRANTED to the extent and on the terms stated herein. Defendants are directed to respond to said discovery not later than **January 18, 2008.**

IT IS FURTHER ORDERED that the Court will treat the Plaintiff's December 4, 2007, Addendum as a Motion for Leave to Amend Complaint to add a claim for "civil conspiracy." Plaintiff is hereby granted leave to pursue this additional legal theory. From this point forward, Plaintiff's Complaint shall include his Complaint filed April 23, 2007 (Docket # 2), his Addendum filed May 29, 2007 (Docket # 11), and his Addendum filed December 4, 2007 (Docket # 30).

IT IS FURTHER ORDERED, *sua sponte,* that all deadlines contained in the Final Scheduling Order filed June 21, Docket # 17, be, and they are hereby, suspended. The case is removed from the trial calendar. The Court will issue a new Scheduling Order when the stay is lifted. Accordingly, Separate Defendants' Motion for Extension of Time (Docket # 33) is denied as moot.

IT IS SO ORDERED this 19th day of December, 2007.

                                                    /s/Garnett Thomas Eisele
                                                    UNITED STATES DISTRICT JUDGE