IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KIARA SMITH, ADC # 107225                                    PLAINTIFF

VS.                          3:07-CV-00049-GTE

ANSON BARNEY, *et. al.*                                     DEFENDANTS

<u>ORDER</u>

Before the Court are Defendants' Motions for Summary Judgment.[1]  Plaintiff has

responded.[2]  For the reasons stated below, the Court concludes that the motions must be denied

as to Plaintiff's excessive force claim, but granted as to the remaining claims.

I.     BACKGROUND

Plaintiff's Complaint stems from an auto accident he was involved in on March 26, 2006,

in Blytheville, Arkansas.  According to Plaintiff, he had "been drinking alcohol and snorting

cocaine" and was "doing about 60 mph" when he noticed traffic at a stop light and "put the

breaks [sic] to the floor."[3]  To avoiding hitting the vehicles in front of him, Plaintiff swerved to

the left and crashed into a van in a car wash parking lot.[4]  After Plaintiff's airbag activated, he

exited the vehicle, ran, and continued to run despite officers directing him to stop.  Officer

LaCotts and Deputy Barney gave chase.  At the same time, Officer Hancock secured the van

_____

[1]Doc. Nos. 68, 72.

[2]Doc. Nos. 76, 77, 95, 96.

[3]Doc. No. 60.

[4]*Id*.

because it was still moving, the driver was unconscious, and a 2 year-old child was in danger of falling from the driver's side door that had been knocked open.[5]

Plaintiff asserts that he fell a couple times while fleeing because he "started to dehydrate from the liquor and cocaine," and when officers finally caught him, they "started stomping and kicking" him.[6]  Plaintiff contends that Officer Hancock "started punching" him and "bust[ed]" his eye.  According to Plaintiff, Deputy Barney and Officer LaCotts drug Plaintiff "up the gravel road and then handcuffed [him] and threw [him] in the police car."[7]

Deputy Barney asserts that he tackled Plaintiff when Plaintiff "turned toward Deputy Barney and put his hands up in an aggressive manner . . . ."[8]  Defendants deny Plaintiff's allegations of punching and kicking, and contend that Plaintiff's injuries were caused by the car wreck.[9]

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[10]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[11]

---

[5]Doc. No. 70-2.

[6]Doc. No. 60.

[7]*Id.*

[8]Doc. No. 69.

[9]*Id.*

[10]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[12]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[13]  This court must view the facts in the light most favorable to the party opposing the motion.[14]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[15]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[16]

## III.   DISCUSSION

### A.   Excessive Force Claim

#### (1)   Merits

"A § 1983 claim for apprehension by force, deadly or not, constitutes a seizure subject to the Fourth Amendment,"and the test is whether the seizure "was objectively reasonable" under

---

[12]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[13]*Id.* at 728.

[14]*Id.* at 727-28.

[15]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[16]*Anderson*, 477 U.S. at 248.

the Fourth Amendment.[17]  A court must consider the totality of the circumstances at the time of

the seizure when examining whether an officer's actions are "objectively reasonable."[18]  In a

Fourth Amendment context, determining reasonableness "requires careful attention to the facts

and circumstances of each particular case, including the severity of the crime at issue, whether

the suspect poses an immediate threat to the safety of officers or others, and whether he is

actively resisting or attempting to evade arrest by flight."[19]

      The undisputed facts in this case are that on March 26, 2006, Plaintiff, who had "been

drinking alcohol and snorting cocaine" crashed into a van at a high rate of speed, knocking the

driver unconscious.  Plaintiff exited his vehicle and fled the scene on foot.  Despite officers

directing Plaintiff to stop, he continued to flee, and they gave chase.  Eventually Plaintiff was

apprehended when Deputy Barney tackled him.  However, material facts remain in dispute

regarding the events that follow. It is unclear from the evidence in the record how Plaintiff's

injuries were sustained.  Plaintiff claims that the officers kicked him, punched him, and drug him

down the street.  Defendants deny the allegations, and assert that although Plaintiff was tackled,

his injuries were sustained from the car wreck.  Although Officers Hancock and Officer LaCotts

deny making physical contact with Plaintiff at any point, Plaintiff contends that all three officers

struck him and kicked him after he had been tackled and restrained and that this use of force was

excessive under the circumstances.

      Because there are material facts in dispute, a jury must decide who to believe and whether

Defendants' actions were objectively reasonable in light of the circumstances.

---

[17]*Billingsley v. City of Omaha*, 277 F.3d 990, 993 (8th Cir. 2002) (citing *Graham v. Conner*, 490 U.S. 386, 395 (1989)).

[18]*Graham v. Conner*, 490 U.S. 386, 397 (1989).

[19]*Id*. at 396.

### (2)    Qualified Immunity

Defendants Hancock and LaCotts argue that they are entitled to qualified immunity on the excessive force claim.[20]   The United States Supreme Court has crafted a two-part test for determining whether a government official is entitled to qualified immunity.[21]   The first issue is whether the facts asserted by plaintiff "show the officer's conduct violated a constitutional right."[22]   The second issue is "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[23]   If the answer to either of these questions is "no," the officer is entitled to qualified immunity.

Defendants Hancock and LaCotts argue that they are entitled to immunity because they "acted lawfully in their conduct and neither had any physical contact with Plaintiff."[24]   They do not challenge the second prong of the *Saucier* test, thereby conceding that the right to be free from excessive force under the circumstances of this case was clearly established at the time of the alleged violation.

The Court has held that a jury must resolve the issue of whether Defendants Hancock and LaCotts kicked and punched Plaintiff as he lay on the ground after being restrained.  Because the facts asserted by Plaintiff, if true, are sufficient to state a claim for violation of his Fourth Amendment right to be free from excessive force, the Court rejects Defendants' assertion that their conduct was lawful.  Qualified immunity is therefore denied.

---

[20]Defendant Barney has not asserted qualified immunity.

[21]*See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 150 L.Ed.2d 272 (2001), overruled in part by *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 818, 821, 172 L.Ed.2d 565 (2009) ("[w]e now hold that the *Saucier* protocol should not be regarded as mandatory in all cases . . . Our decision does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases.").  Thus, while *Saucier* is no longer a rigid two-step procedure, both parts of the test remain relevant.

[22]  *Id.* at 201, 121 S.Ct. at 2156.

[23]  *Id*. at 202-03, 121 S.Ct. at 2156.

[24]  Brief at 7 (Doc. No. 73).

## B.     Tort of Outrage Claim

The tort of outrage has four elements that must be proven:

(1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the defendant's actions were the cause of the plaintiff's distress; (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.[25]

"Arkansas courts take a very narrow view of the claims for the tort of outrage."[26]  "By extreme and outrageous, [Arkansas courts] mean conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[27]  "Merely describing conduct as outrageous does not make it so."[28]

Again, Plaintiff contends that after he fled from the seen of an accident, officers chased him, and when they caught him he was punched, kicked, and drug down the street.  Even if proven, Plaintiff's allegations do not rise to a level sufficient to support a claim for the tort of outrage.

## C.     Deprivation of Miranda Rights Claim

Plaintiff asserts that Officer Hancock and Officer Lacotts deprived him of his *Miranda* rights protection when they took Plaintiff's statement before they had him file a *Miranda* waiver. Even if true, the claim is without merit, since "§ 1983 does not provide a remedy for a violation of *Miranda*."[29]

---

[25]*Templeton v. United Parcel Serv., Inc.*, 216 S.W.3d 563, 566 (Ark. 2005).

[26]*Hamaker v. Ivy*, 51 F.3d 108, 110 (8th Cir. 1995).

[27]*M.B.M. Co., Inc. v. Counce*, 596 S.W.2d 681, 687 (Ark. 1980).

[28]*Cordes v. Outdoor Living Center, Inc.*, 781 S.W.2d 31, 35 (Ark. 1989).

[29]*Hannon v. Sanner*, 441 F.3d 635, 636-637 (8th Cir. 2006).

D.      **Civil Conspiracy Claim**

To establish a claim for civil conspiracy, Plaintiff must show "a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some [lawful] purpose . . . by unlawful, oppressive or immoral means, to the injury of another."[30] Conclusory allegations will not support a civil conspiracy claim;  Plaintiff "must provide some facts suggesting a mutual understanding between defendants to commit unconstitutional acts."[31] Plaintiff has provided no evidentiary support for his civil conspiracy claim.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motions for Summary Judgment (Doc. Nos 68, 72) be, and they are hereby, GRANTED in PART and DENIED in PART.  Plaintiffs' claims for the tort of outrage, *Miranda* rights violations, and civil conspiracy are DISMISSED WITH PREJUDICE.  The motions are DENIED with respect to Plaintiff's § 1983 claim for excessive force in violation of the Fourth Amendment.  That claim will proceed to trial. Simultaneously with the filing of this Order, the Court is appointing an attorney to assist Mr. Smith in presenting his case at trial.  The case will be scheduled for trial following the successful appointment of counsel.

IT IS SO ORDERED this 31st day of March, 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

---

[30]*Chambers v. Stern*, 64 S.W.3d 737, 743 (Ark. 2002) (quotation omitted).

[31]*Kurtz v. City of Shrewsbury*, 254 F.3d 753, 758 (8th Cir. 2001).