**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**KIARA SMITH**                                                                    **PLAINTIFF**

**V.**                              **NO. 3:07-CV-00049 GTE**

**ANSON BARNEY, et al.**                                      **DEFENDANTS**

**FIRST ORDER ON MOTIONS IN LIMINE**

Before the Court are two motions in limine filed by Plaintiff Kiara Smith. Responses to the motions have been filed.

**I.   BACKGROUND**

This case is scheduled for a jury trial the week of August, 17, 2009, for the purpose of resolving Plaintiff's remaining claim that the Defendants used excessive force while apprehending and arresting him. Plaintiff's remaining claims for the tort of outrage, civil conspiracy and deprivation of his Miranda rights were previously dismissed by summary judgment. *See* Order of March 31, 2009, Doc. No. 98.

Plaintiff's claim arises out of events following an auto accident he was involved in on March 26, 2006, in Blytheville, Arkansas. According to Plaintiff, he had "been drinking alcohol and snorting cocaine" and was "doing about 60 mph" when he noticed traffic at a stop light and "put the breaks [sic] to the floor."[1] To avoiding hitting the vehicles in front of him, Plaintiff swerved to the left and crashed into a van in a car wash parking lot.[2] After Plaintiff's airbag activated, he exited the vehicle, ran, and continued to run despite officers directing him to stop.

---

[1] Doc. No. 60.

[2] *Id*.

Officer LaCotts and Deputy Barney gave chase.  At the same time, Officer Hancock secured the van because it was still moving, the driver was unconscious, and a 2 year-old child was in danger of falling from the driver's side door that had been knocked open.[3]

Plaintiff asserts that he fell a couple times while fleeing because he "started to dehydrate from the liquor and cocaine," and when officers finally caught him, they "started stomping and kicking" him.[4]  Plaintiff contends that Officer Hancock "started punching" him and "bust[ed]" his eye.  According to Plaintiff, Deputy Barney and Officer LaCotts dragged Plaintiff "up the gravel road and then handcuffed [him] and threw [him] in the police car."[5]

Deputy Barney asserts that he tackled Plaintiff when Plaintiff "turned toward Deputy Barney and put his hands up in an aggressive manner . . . ."[6]  Defendants deny Plaintiff's allegations of punching and kicking.

Plaintiff claims that as a result of the Defendants' actions, he suffered "a busted head, cut on right eye, skinned knee, busted pinky finger and two hand [sic] cut open at the palms from the alleged abuse."  Defendants contend that any injuries Plaintiff suffered were caused by the car wreck.

Plaintiff was on probation for a robbery conviction when these events occurred.  It appears that as a result of this incident Plaintiff's probation was revoked and that he is presently incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Corrections ("ADC").

---

[3]Doc. No. 70-2.

[4]Doc. No. 60.

[5]*Id*.

[6]Doc. No. 69.

## II.    MOTIONS IN LIMINE

### A.    Motion to Allow Appearance in Civilian Clothes at Trial

Plaintiff seeks permission to change into civilian clothes at trial. He states that he will make arrangements for civilian clothes to be brought to the courthouse if the Court will permit him to wear them during the trial. Defendants object. They point out that Plaintiff is not criminally accused and therefore has no right to wear civilian dress during the trial. They further argue that Plaintiff will not be prejudiced by appearing in a prison uniform because the jury will be informed during the course of the trial that Plaintiff has a criminal record.

The Court grants the motion. If Plaintiff can make arrangements for civilian attire to be present at the courthouse, then he will be permitted to change into such attire each morning before trial. This ruling may be revisited if any legitimate security concerns are raised by the parties or the ADC.

### B.    Motion in Limine No. 1

#### 1.    Testimony the Plaintiff was seen "throwing something"

Plaintiff anticipates that Defendants will attempt to introduce testimony that he was seen "throwing something" as he fled the accident scene. No unlawful item was found at the scene. Plaintiff argues that Defendants want to offer such testimony for the sole purpose of inferring that Plaintiff was throwing some form of weapon or illegal substance.

Defendants argue that all evidence surrounding Plaintiff's flight from police is relevant and probative to show the extent of Plaintiff's desire to evade arrest, because he knew that any arrest would result in a revocation of his probation.

The Court can not exclude this evidence prior to trial. To the extent a testifying witness observed the Plaintiff throwing something as he ran from the police immediately prior to the

incident of alleged excessive force, such testimony will likely be permitted.  If the Plaintiff has an objection based on lack of personal knowledge or relevance, he may raise it at trial.

### 2. Prior Bad Acts

Plaintiff seeks to exclude evidence of his past misconduct, arrests and convictions. Defendants argue that Plaintiff's misconduct while in prison is admissible to show a lack of causation between Plaintiff's injuries and Defendants' alleged unlawful conduct, and also to potentially mitigate damages.  They argue his prior convictions are highly probative.  They want to use his robbery conviction and the subsequent revocation of his probation to impeach Plaintiff under Fed. R. Evid. 609.  Apparently, they also want to use two prior convictions for fleeing, the dates of which are unknown.

In addition to using such evidence for impeachment, Defendants argue that Plaintiff's prior and subsequent criminal convictions are admissible "to show his intent to do whatever necessary to evade police and avoid being arrested."[7]  It appears that the circumstances of Plaintiff's probationary status at the time of the events in question will be admissible, as will the fact that Plaintiff's probation was revoked as a result of this incident.  Plaintiff's probationary status arguably provided him with a motive to flee and to avoid arrest and is relevant and admissible for that purpose.

As to the question of the use of such evidence for impeachment purposes, Federal Rule of Evidence 609 permits the admission of evidence of a criminal conviction punishable by imprisonment in excess of one year, subject to Rule 403, but it establishes a ten year time limit on the use of such convictions.  This portion of Rule 609 states:  "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the

---

[7] Defendant's brief, Doc. No. 108 at 3.

conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

The parties have not briefed the issue of whether Plaintiff's 1996 robbery conviction is outside the ten year window established by the rule. Arguably, Plaintiff is still confined for the 1996 robbery conviction as he was on probation for that conviction when his probation was revoked. The Court does not know when Plaintiff's fleeing convictions occurred. The parties have not briefed these issues. The Court welcomes further briefing on this issue, particularly if Plaintiff contends that use of his 1996 robbery conviction for impeachment purposes is time-barred.

The Court is unable to make a pretrial exclusionary ruling of any of this evidence on the present record.

### 3.     Drug Use

Plaintiff seeks to preclude Defendants from mentioning or implying drug use on his part. Defendants state that Plaintiff's drug and alcohol must be allowed to show Plaintiff's state of mind and his inability to accurately recall the events in question.

The Court will permit evidence that Plaintiff was under the influence of alcohol or drugs when the alleged excessive force occurred. But, the Defendants should not introduce or attempt to introduce evidence of prior or subsequent drug use without prior permission from the Court.

### 4.     Other Civil Rights Claims

Plaintiff seeks to exclude any mention of the fact that he has made other claims for civil rights violations while incarcerated. Defendants argue that disciplinary evidence from Plaintiff's

incarceration and his other civil rights suits between his arrest on March 26, 2006, and the filing of this lawsuit on April 23, 2007, are admissible to show a lack of causation, or at a minimum to show mitigating factors between the alleged actions of the Defendants and Plaintiff's alleged injuries.

A specific ruling is difficult because the disciplinary evidence and other civil rights suits Defendants propose to introduce are not before the Court. Generally speaking, such evidence will likely be excluded unless it has some connection to the events giving rise to this lawsuit or to Plaintiff's damage claims. For example, to the extent that such evidence is relevant to a defense theory that Plaintiff's alleged injuries were caused by a disciplinary event or other alleged unlawful conduct for which Plaintiff filed a civil rights claim subsequent to the alleged excessive force on March 26, 2006, such evidence may be permitted. On the other hand, the Court will not permit Defendants to introduce evidence of other civil rights claims made by Plaintiff for the sole purpose of showing that he is litigious.

Without additional information, the Court can not make a pretrial ruling on this evidentiary issue. The Court directs Defendants, prior to attempting to introduce such evidence, to notify the Court outside the presence of the jury of the evidence it intends to introduce and the purpose of such evidence.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Allow Appearance in Civilian Clothes at Trial (Doc. No. 105) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's First Motion in Limine (Doc. No. 103) be, and it is hereby, DENIED in part AND GRANTED solely to the extent stated herein.

IT IS SO ORDERED this 14th  day of July, 2009.

 /s/Garnett Thomas Eisele  
UNITED STATES DISTRICT JUDGE